IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John R. Baccus, a/k/a John Roosevelt Baccus, #187393,<br><br>      Plaintiff,<br><br>v.<br><br>William R. Byars, SCDC Director; Larry Cartledge, PCI Warden; N. C. Merchant, PCI Mailroom Manager; H. F. Davis, PCI Mailroom Designee; T. Conwell, Correctional Officer; Ann Hallman, Inmate Grievance Coordinator; C. Hendenberg; Maria Leggins, Institutional Mailroom Coordinator; Steve Clayton, Associate Warden; Dayne Haile, Officer; Renee Larsen, General Counsels; David Tatarsky, General Counsels; Derick K. McFarland, General Counsels; Tracey Webb, Program Coordinator; John W. McIntosh, Chief Deputy Attorney General; Blake Taylor, Division Director; Jenna Y. Crum, Esq.; Jordan Moore, CPL Law Library Clerk; Linda Bratton, Education; and Officer Golden, Lt.,<br><br>      Defendants. | CIVIL ACTION NO. 9:13-CV-2309-DCN-BM<br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

       This action was filed by the Plaintiff, <u>pro se</u>, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by twenty-one (21) separate Defendants.

       Just two days after the filing of his original Complaint on August 26, 2013, the Clerk received an Amended Complaint from the Plaintiff. By Order of the Court filed September 30, 2013,

- 1 -



Plaintiff's two Complaint documents were merged into one unified Complaint, and Plaintiff was given twenty-one (21) days to bring his Complaint into proper form by completing one summons form listing every Defendant named in this matter; and complete, sign and return Forms USM-285 for all of the named Defendants. Plaintiff was also specifically admonished that if he failed to provide the items specified within the period prescribed in that Order, the file would be forwarded to a United States District Judge to determine whether dismissal of the case was appropriate. See In re: Procedures and Civil Actions Filed by Prisoner Pro Se Litigants, No. 3:07-mc-5014-JFA.

On November 13, 2013, Plaintiff was granted an extension of time until December 7, 2013 to bring his case into proper form. Plaintiff thereafter partially complied with the Court's Proper Form Order on November 18, 2013, however, he provided only some of the required documents. Therefore, on November 20, 2013, a second Proper Form Order was entered granting Plaintiff until December 9, 2013 to submit *all* of the documents required. He was also warned that his case could be dismissed for failure to prosecute and for failure to comply with court orders under Rule 41, Fed.R.Civ.P., if he failed to do so. However, notwithstanding this warning and the specific instructions provided, Plaintiff failed to comply with this Order, instead filing motions to compel and "For Adversary and Conformity Due Process Hearing" on January 16, 2014 and February 5, 2014, both of which were denied since the case is not yet in proper form, nor has it been served on the Defendants.

Plaintiff has now filed three more motions, captioned as "Request for a Three Judge Court for a Prisoner Relief", "Motion for a Court Ordered Particularized Need", and a motion to amend his Complaint. In one of these motions, Plaintiff seeks an order requiring the Defendants' "agents" and other persons to cease engaging in acts of sabotage and extortion and to release to him



certain "legal boxes" for use in his cell, while in another he seeks a "prisoner release order" and complains about the non-disclosure to him of certain information. In his motion to amend, Plaintiff seeks to add several judges as Defendants in his case (whom Plaintiff indicates he had earlier designated as John Does), including both the undersigned United States Magistrate Judge as well as the United States District Judge assigned to this case.

This case has now been pending for over seven (7) months, with the Plaintiff still having failed to complete his proper form process. No Defendant has ever been served. Based on Plaintiff's failure to comply with the Court's previous Orders, and his filing of a series of non-meritorious and, at times, even nonsensical motions with the Court rather than simply complying with the Court's directives, it is recommended that this case be dismissed, without prejudice, for failure of the Plaintiff to comply with the Orders of this Court or to properly prosecute his claims. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning].

In the alternative, the Court may want to consider allowing a service order to be entered providing for service of Plaintiff's original Complaint on only those Defendants for whom Forms USM-285 have been returned, with all other Defendants being dismissed without prejudice. Although, based on Plaintiff's conduct to date, it is not apparent that the case could thereafter proceed in any type of orderly fashion, if the Court determines that service of the Summons and Complaint should be allowed on those Defendants for whom Forms USM-285 have been returned,



then in that event Plaintiff's three pending motions (Court Docket Nos. 34, 35 and 36) should all be denied as part of that order.

        The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 28, 2014
Charleston, South Carolina



- 4 -

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

