IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| JOHN R. BACCUS, a/k/a JOHN ROOSEVELT BACCUS, No. 187393 | ) ) ) | |
| Plaintiff, | ) ) ) | No. 9:13-cv-02309-DCN |
| vs. | ) ) | |
| WILLIAM R. BYARS, *et. al.,* | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This matter is before the court on United States Magistrate Bristow Marchant's report and recommendation ("R&R") that the court dismiss plaintiff's case without prejudice. For the reasons set forth below, the court adopts the R&R and dismisses the case without prejudice.

## I.  BACKGROUND

Plaintiff John R. Baccus ("Baccus") is a South Carolina state prisoner who is housed at the Perry Correctional Institution ("PCI") in Pelzer, South Carolina. Defendants are twenty-one PCI officials and staff members against whom Baccus has asserted claims pursuant to 42 U.S.C. § 1983.

Baccus, appearing pro se, filed his complaint on August 26, 2013. He amended his complaint just two days later. On September 30, 2013, the magistrate judge ordered Baccus to bring his complaint into proper form by October 24, 2013. Specifically, the magistrate judge directed Baccus to complete a single summons form listing every named defendant and to complete, sign, and return Form USM-285 for all of the named defendants.

1

On November 13, 2013, the magistrate judge granted Baccus an extension of time to comply with the proper form order. On November 20, 2013, the magistrate judge further extended Baccus's proper form deadline until December 9, 2013. The magistrate judge's November 20, 2013 order warned Baccus that his case could be dismissed if he failed to bring his case into proper form. Despite the magistrate judge's warnings, Baccus has, to date, failed to bring his case into proper form. Instead, he has filed an assortment of unrelated procedural and substantive motions, including two motions captioned as motions for adversary and due process conformity hearings, a motion to compel, a motion requesting a three-judge panel, and a motion to amend the complaint.

On March 28, 2014, the magistrate judge issued the pending R&R, which recommended that the case be dismissed without prejudice due to Baccus's failure to prosecute his claims. On April 18, 2014, Baccus filed objections to the R&R. The matter is now ripe for the court's review.

## II. STANDARDS OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). A party's failure to object may be treated as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Baccus appears pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Haines v. Kerner, 404 U.S. 519, 521 (1972). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a cognizable claim, nor does it mean the court can assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.  DISCUSSION

The R&R recommends that the court dismiss Baccus's case for failure to prosecute. While Baccus's objections are difficult to parse, it appears that he objects only that the magistrate judge, the undersigned, and United States District Judge Joseph F. Anderson, Jr.[1] have improperly "prejudged" his "applications." Pl.'s Objections 1, 2, ECF No. 40.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action due to the plaintiff's failure to prosecute or to comply with the Federal Rules. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (finding that a court may, sua sponte, dismiss a case pursuant to Rule 41(b)), reh'g denied, 371 U.S. 873 (1962). In determining whether a case should be dismissed pursuant to Rule 41(b), a court must "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less

---

[1] Judge Anderson has no involvement in this case. In 2007, he presided over one of the many lawsuits that Baccus has filed in this district. Judge Anderson dismissed that case without prejudice due to Baccus's failure to prosecute. See Baccus v. Ozmint, Docket No. 2:07-cv-02000 (D.S.C. Sept. 25, 2007).

drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotations omitted).

In this case, three of the four factors weigh heavily in favor of dismissal. First, Baccus is entirely responsible for the months of delay that have occurred. Second, defendants have undoubtedly been prejudiced by Baccus's delay. Though this case is more than eight months old, none of the defendants has been served. As a result, they have not had the opportunity to investigate the allegations made against them. Third, Baccus has a long history of proceeding in a dilatory fashion. He has filed no fewer than eighteen prisoner rights cases in this court, many of which have been dismissed for failure to bring the complaint into proper form. In the instant case, Baccus has failed to follow the magistrate judge's orders and has instead filed a variety of unrelated motions. The fourth factor, whether there is an available sanction less severe than dismissal, does not weigh particularly heavily in this case because the court chooses to dismiss Baccus's case without prejudice. Such a dismissal preserves Baccus's right to seek relief regarding the allegations he raised in his complaint.

Because the court agrees with the recommendations included in the R&R, it must next consider Baccus's objections thereto. Baccus objects that judges in this district have improperly "prejudged" the matters before them in a manner that "made it impossible for Plaintiff to secure fair consideration of his cases." Pl.'s Objections 2-3. The court construes this objection as an argument that the three judges mentioned should be recused from this – and other – of Baccus's cases.

Title 28 U.S.C. § 455 governs disqualification of federal judges. In pertinent part, the statute provides that "[a]ny justice, judge, or magistrate judge of the United States

shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard articulated in § 455(a) is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). Under § 455(b)(1), a judge should also disqualify himself "[w]here he has a personal bias or prejudice concerning a party . . . ." Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1025 (7th Cir. 2000).

In support of his recusal argument, Baccus points to the magistrate judge's previous rulings and recommendations in this case. These rulings do not, as Baccus suggests, indicate that the magistrate judge or any other judge in this district has improperly "prejudged" Baccus's claims. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Belue v. Leventhal, 640 F.3d 567, 574 (4th Cir. 2011) ("[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor."). Baccus has not set forth – and the court cannot divine – any evidence that indicates that any of the judges assigned to this case are biased, prejudiced against Baccus, or otherwise should recuse themselves. An adverse ruling by the magistrate judge is simply not enough to demonstrate that recusal is appropriate.

Moreover, it appears that Baccus would similarly argue for the recusal of any judge in this district who might rule against him. As a result, the Rule of Necessity[2] also

---

[2] The Rule of Necessity is "[t]he concept of the absolute duty of judges to hear and decide cases within their jurisdiction." United States v. Will, 449 U.S. 200, 215 (1980). Under this common

likely compels the overruling of Baccus's objections. In short, Baccus's objections are without merit.

### IV. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, ECF No. 37, and **DISMISSES** this case **WITHOUT PREJUDICE**. Because this case is dismissed, the court also **FINDS AS MOOT** Baccus's three other pending motions, ECF Nos. 34, 35, and 36.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 30, 2014**
**Charleston, South Carolina**

---

law rule, a judge should not refuse to hear a case "'if failure to do so would result in a denial of a litigant's constitutional right to have a question, properly presented to such court, adjudicated.'" Id. at 214 (quoting State ex rel. Mitchell v. Sage Stores Co., 143 P.2d 652, 656 (Kan. 1943)).